MARY ALICE SEE, Respondent, v. R. E. SEE, Administrator of MICHAEL SEE, Deceased; RANDOLPH SEE, Appellant.

St. Louis Court of Appeals, May 12, 1896.

**Administration:** ALLOWANCE TO WIDOW IN LIEU OF PROVISIONS. The allowance in lieu of provisions, to which a widow is, under section 106 of the Revised Statutes, entitled out of her husband's estate, is an appropriation to cover only a deficiency in grain, meat, vegetables, groceries, and other provisions, and should not include compensation for the lack of any other articles allowed her as her absolute property by section 105 of those statutes.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED (*nisi*).

*Emil Rosenberger* and *Nat C. Dryden* for appellant.

*G. Pitman Smith* for respondent.

BOND, J.—Mary Alice See, widow of Michael See, filed a petition in the probate court for an allowance in lieu of a deficiency of grain, meat, vegetables, groceries and other provisions, on hand at the time of the death of her husband. It was admitted that none of these articles were on hand, and that petitioner was the mother of seven children, whose ages ranged from two and a half to sixteen years at the time of the death of her husband. The probate court made an allowance of $1,700, from which an appeal was taken, by the son of the deceased by a former marriage, to the circuit court, where the allowance was reduced to $1,500. From a judgment in accordance an appeal was taken to this court.

The only point urged by appellant is that, in making said allowance, the circuit judge did not restrict his estimate under the evidence to the sum necessary to supply grain, meat, vegetables and other provisions, but included as a basis of his said allowance an estimate of the lack, at the time of the death of the husband, of certain articles specified in other classes than those referring to eatables in section 105, Revised Statutes, 1889. Appellant, however, in his brief proffers to waive this objection as ground for reversal, and leave it to this court to make a finding "what this family shall have to supply them with provisions for twelve months."

We are clearly of opinion that, under Revised Statutes of 1889, section 106, the widow is only entitled to an appropriation out of the assets of her husband's estate to cover a deficiency in grain, meat, vegetables, groceries and other provisions, at the time of his death, and that under this section such allowance should not include compensation for the want of any

other articles allowed her as absolute property under Revised Statutes, 1889, section 105. An examination of the record in this case discloses that the trial judge based a material portion of the sum allowed by him to the widow for the lack of articles enumerated as her absolute property other than eatables. For this there was no statutory warrant. A careful examination of the testimony in this record convinces us that $1,000 is sufficient, under the most favorable view of the evidence for the claimant, to supply all grain, meat, vegetables, groceries and other provisions, not on hand at the time of the death of the husband and to provide her and her family for twelve months.

The judgment of the circuit court will therefore, be reversed and the cause remanded for new trial, unless the plaintiff remits in this court from the amount of the allowance the sum of $500. If she elects to do so within ten days after the filing of this opinion, the judgment will be affirmed for the residue, costs of the litigation to be charged against the estate. It is so ordered. All concur.